UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHAD ALLEN PETERSON** | **CIVIL ACTION** |
| **VERSUS** | **NO:    16-14882** |
| **NEXT PRODUCTION, LLC.** | **SECTION: "F" (4)** |

## REPORT AND RECOMMENDATION

On September 27, 2017 the presiding U.S. District Judge referred the Defendant's Motion for Attorney's Fees and Related Costs to the undersigned.  Rec. Doc. 40.  Now before the Court is Next Production, LLC's **Motion for Attorney Fees (R. Doc. 38)**. Next Production, LLC ("Next Production") seeks to recover $96,767.75 in attorney's fees and $7,381.50 in litigation expenses and costs.  The motion is unopposed.

### I.     Background

Chad Allen Peterson, an assistant location manager for Next Production, LLC was diagnosed with a major depressive disorder and anxiety disorder. Rec. Doc. 1. Peterson claimed that he was disabled as a result of the anxiety, major depressive disorder, and insomnia, which he alleged were exacerbated by a grueling work schedule and unrealistic demands placed upon him by the Defendant. *Id.* On August 21, 2017, the Court granted a Motion for Summary Judgment dismissing the Plaintiff's claims. Rec. Doc. 35. This case had a rather tortuous existence, the Plaintiff filed the suit claiming disability, but his counsel withdrew from the case. R. Doc. 24. Subsequently, Plaintiff communicated by email with the Defendant in July 2017 that he would no longer pursue the case.  Rec. Doc. 38-1.

Although the Plaintiff indicated by email that he did not intend to pursue the case, the Defendants continued to prepare for trial and ultimately obtained a summary dismissal. R. Doc. 35. As a result, Next Production seeks an order pursuant to Section 12205 of the ADA directing

the Plaintiff to pay its attorney's fees totaling $96,767.75 and litigation expenses and costs totaling $7,381.50. Peterson does not oppose the motion.

## II.   Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *Combs v. City of Huntington, Texas*, 829 F.3d 388, 394 (5th Cir. 2016). After determining the lodestar, the Court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[1]. The Court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3rd Cir. 1990).

---

[1] The twelve *Johnson* factors are: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

**III.     Analysis**

    **A.     Reasonable Attorney Hourly Rate**

The reasonableness of the attorney's rate is not in dispute. Voorhies billed at a rate of $295.00 per hour. Amy McIntire served as the primary associate on the file and billed at a rate of $185.00 per hour. Mary W. Dale, a third-year associate assisted periodically with the litigation and she billed at a rate of $170.00 per hour and another third year associate, Nicole Katz billed at $220.00 per hour. Additionally, others billed included paralegals, Cindy Bray at the rate of $180.00 per hour and Elizabeth Trotter at rates that ranged from $100.00-$160.00 per hour, and law clerk William Walsh billed at the rate of $100.00 per hour. In addition to the various billers noted above, two billing attorneys who partners with eighteen to twenty years of experience, H. Michael Bush and Mandy Gagliardi, billed at $295.00 per hour. The unopposed billing rates are deemed reasonable.

    **B.     Reasonable Attorney's Fees**

Next Production contends that regarding the documented hours submitted for reimbursement, that its hours are reasonable. Next Production seeks to recover:

|  | Mandy Gagliardi (MMG) | Mary W. Dale (MWD) | Sarah Voorchies (SV) | H. Michael Bush (HMB) | Amy L McIntire (ALM) | Nicole Katz (NK1) | William Walsh (WW) | Cindy Bray (CB2) | Elizabeth T Trotter (ETT) |
|---|---|---|---|---|---|---|---|---|---|
| Hours | 3.75 | 19.50 | 170.10 | 11.50 | 179.10 | 5.40 | 4.50 | 7.50 | 75.00 |
| Rate | $295.00 | $170.00 | $295.00 | $295.00 | $185.00 | $220.00 | $100.00 | $180.00 | varied |
| Billing | $1,106.25 | $3,315.00 | $50,179.50 | $3,392.50 | $33,133.50 | $1,188.00 | $450.00 | $1,350.00 | $2,653.00 |
| Total Attorney Fees : | | | | | | | | | $96,767.75 |

The Court finds after reviewing the billing entries that they are reasonable.

### C. <u>Reasonable Litigation Expenses and Costs</u>

Finally the defendants seek the reimbursement of litigation expenses and costs pursuant to 42 U.S.C. § 12205. According to the statute litigation expenses and costs are included. As a result, expert witness fees, travel expenses, federal express, electronic research, long-distance calls, printing, and computer-based research can be included in the total. *See Gilmore v. Elmwood S., L.L.C.,* No. 13-0037, 2015 WL 1245770, (E.D. La. Mar. 18, 2015). Next Production also seeks additional costs that are available pursuant to the ADA, but not pursuant to Federal Rule of Civil Procedure 54.

Next Production is seeking the reimbursement of costs for the non-refundable expert related fees for the deposition of Timothy Gioe, M.S.N., which totaled $1,500. Next Production contends that this cost was incurred before Peterson abandoned his lawsuit. Rec. Doc. 38-1, p. 15. It also contends that the healthcare provider had prepared for the deposition, blocked his calendar, and refused to refund the retainer because of lost income incurred due to the blocking of his schedule. *Id.*

Next Production also states it incurred $5,225.00 in non-refundable costs related to its own expert, Dr. John Thompson. Next Production contends that it incurred these fees as a result of the unilateral cancelation of the independent medical examination by the Plaintiff despite this Court's order for him to submit. Rec. Doc. 38-1, p. 16. Finally, Next Production seeks the reimbursement of costs incurred as a result of electronic legal research totaling $656.50 that was incurred in support of motions, including a motion for summary judgment that was granted on August 23, 2017. Rec. Doc. 36. Having reviewed the record and supporting documentation, the Court finds that the costs referenced above totaling $7,381.50 are reasonable.

IV.   **Conclusion**

**IT IS RECOMMENDED** that Next Production, LLC's **Motion for Attorney Fees and Related Costs (R. Doc. 38)** be **GRANTED**, and that Next Production be awarded attorney's fees in the amount of **$96,767.75**, and **$7,381.50** in costs to be paid by Chad Allen Peterson no later than **six days (60) days** after the adoption of this Report and Recommendation by the District Judge.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 21st day of February 2018.

.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.